**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRIANNA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24-cv-08517 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| NEW CHOICE INTERVENTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Defendant's motion to dismiss Plaintiff's first amended complaint [16] is granted in part and denied in part. Count III of the first amended complaint is dismissed without prejudice. The motion is denied as to all other counts. If Plaintiff believes she can remedy the deficiencies in Count III discussed below, she may file a second amended complaint by 5/4/2026. See the accompanying Statement for details.

**<u>STATEMENT</u>**

The present lawsuit arises from Plaintiff Brianna Jackson's brief and fitful employment with Defendant New Choice Intervention, Inc. ("New Choice"). Jackson, who alleges that she suffers from asthma and migraines, interviewed for a position with New Choice as a therapist and case manager. She was hired by New Choice but, after a series of absences, was fired soon thereafter. In the present action, Jackson's four-count First Amended Complaint ("FAC") alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Now before the Court is New Choice's motion to dismiss the FAC in its entirety for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 16.) For the reasons that follow, New Choice's motion is denied as to Counts I, II, and IV of the FAC, but granted with respect to Count III.

### I.     Background

For the purposes of the motion to dismiss, the Court accepts all well-pleaded facts in the FAC as true and views those facts in the light most favorable to Jackson as the non-moving party. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The FAC alleges as follows.

Jackson suffers from asthma and migraines. (FAC ¶ 13, Dkt. No. 15.) She disclosed those ailments in her employment application and informed New Choice during the interview process that she had asthma and experienced migraines. (*Id.* ¶¶ 16–17.) New Choice nonetheless hired Jackson and gave her a July 8, 2024, start date. (*Id.* ¶ 18.) However, Jackson informed New Choice that she had to attend a funeral on July 12, 2024. (*Id.* ¶ 19.) Jackson claims that she did not

ask for the entire week off. (*Id.* ¶ 20.) Still, New Choice's President, Dr. Tunde Ali, pushed Jackson's training back so that it would begin on July 15. (*Id.*) Ali stated that this change was because an absence on July 12 would disrupt Jackson's training. (*Id.*)

Jackson completed training the week of July 15, 2024, without issue. (*Id.* ¶ 22.) But on July 22, 2024, she woke up with pain in her chest and was unable to breathe properly. (*Id.* ¶ 23.) Jackson was then diagnosed with a sinus infection and pleurisy, which is inflammation in the lungs. (*Id.* ¶ 24.) Jackson informed New Choice of her illness and sent them a doctor's note as required by company policy. (*Id.* ¶ 25.) She returned to the doctor on July 24, 2024, again informing New Choice and providing a note. (*Id.* ¶ 26.)

Jackson went back to work on July 29, 2024. (*Id.* ¶ 27.) Upon her return, Ali discussed Jackson's absences with her directly. (*Id.*) In that conversation, Jackson explained that her asthma exacerbated the pleurisy and had made it difficult for her to breathe. (*Id.* ¶ 28.) Ali expressed disapproval in response. (*Id.* ¶ 29.) The next day, on July 30, Jackson went to work but was struggling to breathe. (*Id.* ¶ 31.) Jackson reported her asthma-related breathing issues to the Office Manager who suggested that she go home. (*Id.* ¶ 33.) Jackson left work but went to the Emergency Room ("ER") rather than home. (*Id.* ¶ 34.)

While on the way to the ER, Jackson emailed Ali to let him know that she was going to the hospital because of an asthma-related flare-up. (*Id.* ¶ 35.) She also stated that she felt his comments to her when they spoke the day before were "inappropriate and discriminatory." (*Id.* (internal quotation marks omitted).) In the same email, Jackson stated that she needed to request "a couple of additional days off." (*Id.* ¶ 36.) Ali's emailed response questioned why, in comparison to other employees with medical conditions, she did not seem to be performing her duties. (*Id.* ¶ 37.) Ali further stated, "I do not know what to do or how to help you." (*Id.* ¶ 38 (internal quotation marks omitted).)

Jackson replied, asserting, among other things, that her symptoms were typically well-managed. (*Id.* ¶ 41.) She also reiterated her request for additional days off to get her symptoms under control, after which she would be ready to return to work. (*Id.* ¶ 43.) The next day, July 31, 2024, Ali emailed Jackson to inform her that her employment had been terminated. (*Id.* ¶ 44.)

After her termination, Jackson filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 5.) The EEOC decided not to pursue her claim and issued her a Notice of Right to Sue. (*Id.* ¶ 6.) Jackson then timely initiated this action. (*Id.*) The FAC asserts claims against New Choice in four counts, all under the ADA. Specifically, she asserts claims for disability-based discrimination (Count I), failure to accommodate her disability (Count II), disability-based harassment (Count III), and retaliation for engaging in a protected activity (Count IV). New Choice moves to dismiss the FAC in its entirety.

## II.     Discussion

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### A.     Disability-Based Discrimination (Count I)

New Choice argues that Jackson fails to state a claim for disability-based discrimination. To state claim for disability-based discrimination under the ADA a plaintiff must allege facts showing that "(1) she is disabled; (2) she is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (3) she suffered an adverse employment action; and (4) the adverse action was caused by her disability." *Brooks v. Avancez*, 39 F.4th 424, 433 (7th Cir. 2022). New Choice argues that Jackson's factual allegations are insufficient to satisfy any of the required elements.

Under the ADA, a person has a disability if they have a "physical or mental impairment that substantially limits one or more of the major life activities of such individual," a "record of such an impairment," or are "regarded as having such an impairment." 29 C.F.R. § 1630.2(g). As relevant here, breathing and working are major life activities. *Id.* § 1630.2(i). Jackson alleges that she suffers from asthma and migraines. Although she mentions both conditions, the FAC only discusses the impacts of her asthma.

New Choice is correct that "[s]imply calling asthma a disability does not meet the statutory definition" of disability under the ADA. *Jackson v. Sears Logistics Servs., Inc.*, No. 97 C 893, 1997 WL 701347, at *2 (N.D. Ill. Oct. 29, 1997). Rather, to properly plead that she suffers from a disability, "Jackson must allege that . . . her asthma substantially limits a major life activity." *Id.* She "must identify one or more major life activities that her asthma substantially limits." *Id.* Contrary to New Choice's argument, however, Jackson has done so here. She alleges that her asthma exacerbated her bout of pleurisy such that it was difficult for her to breathe. Taken as true, these allegations show that Jackson's asthma substantially limited her ability to breathe, which is a major life activity. *See Bell v. Elmhurst Chi. Stone Co.*, 919 F. Supp. 308, 309 (N.D. Ill. 1996) (denying motion to dismiss ADA claim where plaintiff alleged that asthma substantially limited his ability to breathe). Moreover, as alleged, the impact of her asthma was severe enough that she was forced to leave work to go to the hospital, thus limiting her ability to work.

New Choice next argues that Jackson has not alleged facts showing that she was qualified to perform the essential functions of the therapist and case manager role. New Choice frames this argument as challenging the sufficiency of the pleadings, but it actually disputes the veracity of the facts alleged. For example, New Choice introduces information not present on the face of the FAC to question Jackson's compliance with company policy. While such arguments may be relevant at the summary judgment stage, they can have no effect here. A court considering a

3

motion to dismiss accepts all well-pleaded facts as true. *Killingsworth*, 507 F.3d at 618. And factual allegations need not be detailed to be well-pleaded. *Twombly*, 550 U.S. at 555.

Jackson alleges that she disclosed her condition to New Choice during the interview process but was still hired. That New Choice hired Jackson, implying that it thought her to be qualified for the position, supports the reasonable inference that she was in fact qualified. Moreover, Jackson asserts that she completed one week of work—albeit a training week—without issue. This too supports the inference that she was qualified to perform the role for which she was hired. And Jackson claims that her asthma symptoms are typically well-managed, indicating that her performance after the onset of her sinus infection and pleurisy was not representative of her ability to do the job. At this stage, Jackson's factual allegations are sufficient to state that she is a qualified individual under the ADA.

Finally, New Choice challenges the causal connection between Jackson's disability and her termination. Again, in making this argument, New Choice relies on an asserted factual dispute by arguing that the "real" reason Jackson was fired was her job performance (*i.e.*, repeated absences, etc.). At the motion to dismiss stage, this argument is unavailing. Prior to Jackson's firing, Ali allegedly told her that "it seems like you need someone to take care of you instead of taking care of our clients." (FAC ¶ 30 (internal quotation marks omitted).) He also allegedly referenced her medical problems when responding to her request for time off. Soon after these interactions, Ali fired Jackson. These factual allegations are sufficient to plausibly claim that Jackson's termination was related to her asthma. Even if Jackson's firing was based on another reason, such as her absences, many of those absences were themselves related to her disability. Taking the allegations in the FAC as true, Jackson has sufficiently stated a claim for disability-based discrimination.

### B.      Failure to Accommodate (Count II)

New Choice argues that Jackson's factual allegations fail to satisfy the elements of a failure-to-accommodate claim under the ADA. To state a claim for failure-to-accommodate under the ADA a plaintiff must allege facts showing "that: (1) she is a qualified individual with a disability; (2) the employer was aware of her disability; and (3) the employer failed to reasonably accommodate the disability." *E.E.O.C. v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005). "The ADA imposes on an employee the initial duty to inform the employer of a disability. This initial duty, however, requires at most that the employee indicate to the employer that she has a disability and desires an accommodation." *Id.* at 803 (internal quotation marks and citation omitted).

Despite New Choice's arguments to the contrary, as discussed above, Jackson has alleged facts showing that she is a qualified individual with a disability. Also as mentioned above, she has alleged that New Choice was aware of her disability because she disclosed it during the interview process. Any purported absence of evidence supporting that alleged disclosure is irrelevant at this stage. *Killingsworth*, 507 F.3d at 618. Still, New Choice contests the final element of the claim, arguing that Jackson has not alleged that New Choice denied a reasonable accommodation in bad faith.

Again, New Choice seeks to hold the FAC to a higher standard than is appropriate at this stage. New Choice argues that Jackson's allegation that she requested an accommodation is weakened by a lack of specificity. Namely, New Choice argues that she fails to specify when, to whom, or the method through which the request for a reasonable accommodation was communicated. But the plausibility standard for federal pleadings requires no such specificity. *Twombly*, 550 U.S. at 555. More importantly, the FAC does include these details. Jackson alleges that she emailed Ali on July 29, 2024, to request a couple days off. "Time off may be a reasonable accommodation" under the ADA. *Turner v. Health Care Serv. Corp.*, No. 06 C 2399, 2009 WL 1210624, at *13 (N.D. Ill. May 4, 2009). And by firing Jackson immediately after her request, New Choice effectively denied her the requested accommodation. Thus, the factual allegations in the FAC do state a claim for failure to accommodate Jackson's disability.

### C.    Harassment (Count III)

While Jackson's allegations are sufficient for her claims of discrimination and failure to accommodate to survive, her harassment claim is on a different footing. The Court construes Jackson's harassment claim as alleging a hostile work environment.

To plead sufficiently "a hostile work environment claim, a plaintiff must show: (1) unwelcome harassment; (2) based on a protected characteristic; (3) that was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment; and (4) a basis for employer liability." *Demkovich v. St. Andrew the Apostle Par.*, 3 F.4th 968, 977 (7th Cir. 2021) (noting also that the elements of a hostile work environment are the same under Title VII and the ADA). "[E]ven though a plaintiff is not required to plead facts that match up to every element of the claim, [s]he must allege some facts sufficient to show a plausible link between a disability and the workplace hostility alleged." *De Lion v. CRRC Sifang Am., Inc.*, No. 22 CV 00070, 2023 WL 4899814, at *6 (N.D. Ill. Aug. 1, 2023). And to "determine whether conduct rose to the level of abuse, the courts consider the totality of the circumstances, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *Alamo v. Bliss*, 864 F.3d 541, 549–50 (7th Cir. 2017)).

New Choice argues that Jackson's allegations fail to make the requisite showing on any of the elements. The Court agrees—at least with respect to two elements. The FAC attributes three comments to Ali that are relevant here. In the first comment, allegedly made to Jackson in Ali's office while he admonished her for her absences, Ali stated: "[I]t seems like you need someone to take care of you instead of you taking care of our clients. I'm not sure what to do." (Compl. ¶ 30 (internal quotation marks omitted).) The second comment was made by email in response to Jackson's email stating she was on her way to the ER and that she felt his earlier in-person comments were "inappropriate and discriminatory." (*Id.* ¶ 35.) Jackson alleges that Ali stated: "[Other employees with medical problems] do not grumble and misinterpret empathetic counsel." (*Id.* ¶ 37 (internal quotation marks omitted).) Rather, he allegedly stated, "they perform their duties without problem or negative insinuations." (*Id.* (internal quotation marks omitted).) Finally, Jackson alleges that Ali told her, "I do not know what to do or how to help you." (*Id.* ¶ 38.)

Simply put, these comments, even when viewed in the light most favorable to Jackson, do not rise to the level of a hostile work environment. The comments attributed to Ali are not objectively offensive. *See Scruggs v. Garst Seed Co.*, 587 F.3d 832, 840 (7th Cir. 2009) ("The environment must be both subjectively and objectively offensive.") Even if Jackson was in fact offended by them, the comments express frustration and disregard, not animus. Indeed, the alleged comments do not even rise to the level of "occasional vulgar language, and coarse, rude, or boorish behavior," conduct that is worse than what is alleged here but still "will not amount to a hostile work environment." *Brooks*, 39 F.4th at 441. And even if they were objectively offensive, the comments were not sufficiently severe and pervasive as to constitute a hostile work environment. *Id.* ("Insults, personal animosity, and juvenile behavior are insufficient evidence of a hostile work environment unless they are so pervasive or severe as to interfere with an employee's work performance.") Because the comments attributed to Ali were not objectively offensive and were not severe or pervasive, Jackson's harassment claim must be dismissed.

### D.    Retaliation (Count IV)

New Choice also challenges Jackson's retaliation claim. "The three elements of a retaliation claim are the same under Title VII and the ADA." *Pinkston v. City of Chicago*, No. 13 C 7399, 2017 WL 4340155, at *10 (N.D. Ill. Sept. 29, 2017) (internal quotation marks omitted). Those elements are: (1) that the plaintiff engaged in statutorily protected activity; (2) that she suffered an adverse employment action; and (3) that there was a causal connection between the two. *Id.* Jackson requested time off due to her disability, which is statutorily protected activity. *Health Care Serv. Corp.*, 2009 WL 1210624, at *13. She was also fired, which is the quintessential adverse employment action. However, New Choice argues that she fails to demonstrate a causal connection between her accommodation request and termination.

New Choice argues that the "suspicious timing" of Jackson's firing—one day after her request—is not enough to establish a causal connection. However, in doing so, New Choice relies on decisions rendered at the summary judgment stage. *See, e.g.*, *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 687 (7th Cir. 2010) (noting at the summary judgment stage that "timing alone is insufficient to establish a genuine issue of material fact to support a retaliation claim."). At the motion to dismiss stage, the Court is not concerned with the strength of the evidence. Rather, Jackson's allegations must be accepted as true and reasonable inferences are drawn in her favor. *Adams*, 742 F.3d at 728. At this stage, New Choice's termination of Jackson the day after her request for time off plainly allows the reasonable inference that the termination was retaliatory. Similarly, it is inappropriate at this stage to consider New Choice's purported legitimate and non-discriminatory reasons for firing Jackson.

Finally, New Choice argues that Jackson's retaliation claim is barred because her EEOC Charge does not allege retaliation. That is incorrect. Jackson's EEOC Charge, which is attached to the FAC, checks the box for "retaliation" and the factual allegations repeatedly assert that she was retaliated against. (Ex. A, EEOC Charge, Dkt. No. 15-1.) Thus, New Choice has not provided a basis to bar Jackson's retaliation claim based on a failure to exhaust administrative remedies. In short, Jackson has successfully stated a claim for retaliation under the ADA as well.

### III.    Conclusion

For the reasons discussed above, Jackson has failed to state a claim for harassment under the ADA. Accordingly, Count III of the FAC is dismissed. Her allegations are sufficient for her other claims, however. As a result, New Choice's motion to dismiss (Dkt. No. 16) is denied as to Counts I, II, and IV of the FAC.

Dated:  April 20, 2026

_____
Andrea R. Wood
United States District Judge

7